**IN THE UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF ARKANSAS
JONESBORO DIVISION**

DEBBIE CRUTCHFIELD; and                                                                              PLAINTIFFS
JAMES CRUTCHFIELD

v.                                              No. 3:12CV00183 JLH

RICK HILL NISSAN, INC., doing business
as National Auto Liquidation Center                                                                  DEFENDANT

**ORDER**

Debbie and James Crutchfield filed a complaint against Rick Hill Nissan, Inc., in the Circuit Court of Greene County, Arkansas. The Crutchfields allege that, during the course of an automobile sale, Rick Hill Nissan charged them a document preparation fee of $299 in violation of Arkansas law, Ark. Code. Ann. § 23-112-317. The Crutchfields also allege that Rick Hill Nissan's conduct violated the Arkansas Deceptive Trade Practices Act, Ark. Code Ann. § 4-88-107. The Crutchfields seek to certify a class of similarly situated persons who were charged an administrative or documentary fee by Rick Hill Nissan in relation to the sale of an automobile.

Rick Hill Nissan has removed the action based on diversity jurisdiction. 28 U.S.C. § 1332. It is undisputed that the Crutchfields and Rick Hill Nissan are citizens of different states. Nevertheless, the Crutchfields have filed a motion to remand on the basis that the amount in controversy does not exceed $75,000. In opposing the motion, Rick Hill Nissan contends that the Crutchfields' claim for $299 plus statutory attorney's fees satisfies the jurisdictional amount.

"The proponent of diversity jurisdiction has the burden of proving that the amount in controversy exceeds the jurisdictional minimum." *Bell v. Hershey Co.*, 557 F.3d 953, 956 (8th Cir. 2009). Here, the Crutchfields seek attorney's fees pursuant to subsection 4-88-113(f) of the Arkansas Code Annotated. That subsection provides: "Any person who suffers actual damage or

injury as a result of an offense or violation as defined in this chapter has a cause of action to recover actual damages, if appropriate, *and reasonable attorney's fees*." (emphasis added).

The Court has previously held that, because "the amount in controversy and the result obtained in the case" are important in calculating reasonable attorney's fees, it is "unlikely that a court would award more than $33,000 on a claim of $41,000[.]" *Toller v. Sagamore Ins. Co.*, 558 F. Supp. 2d 924, 928-29 (E.D. Ark. 2008). *A fortiori*, it is unlikely that a court would award more than $74,701 in attorney's fees on a claim of $299. *Toller*, like the instant action, involved a diversity suit alleging violations of Arkansas law and seeking to certify a class. Because nothing about the instant action indicates that it would require attorneys to expend significantly more effort than in *Toller*, the Court concludes that *Toller* is not distinguishable in any meaningful way.[1]

Consequently, Rick Hill Nissan has not shown by a preponderance of the evidence that the amount in controversy exceeds $75,000. *See Bell*, 557 F.3d at 956. Therefore, the Crutchfields' motion to remand this matter to the Circuit Court of Green County, Arkansas, is GRANTED. Document #6.

IT IS SO ORDERED this 15th day of August, 2012.

_____
J. LEON HOLMES
UNITED STATES DISTRICT JUDGE

---

[1] Rick Hill Nissan does not rely upon 28 U.S.C. § 1332(d) to establish jurisdiction. Even if Rick Hill Nissan did so, Rick Hill Nissan's Office Manager's affidavit, which is attached to the Notice of Removal, states that 414 or 418 automobiles were sold by Rick Hill Nissan while operating in Arkansas. Document #1-2. Consequently, there are only 418 potential claims for $299 which could be joined to any certified class. For similar reasons to those discussed above, it is unlikely that a court would award more than $4,875,018 in attorney's fees for class action claims for damages totaling $124,982.